UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

MCLEAN WINE CO.,                        Case No.: 06-50873
                                                       Chapter 7
                  Debtor.                          Honorable Walter Shapero

_____/

## OPINION DENYING TRUSTEE'S MOTION TO VACATE OR SET ASIDE SETTLEMENT ORDER

This case was originally filed as a chapter 11 case. During its chapter 11 life, disputes arose involving (1) two former shareholders of Debtor ("McLean") who claimed to be all asset secured creditors of Debtor; (2) the Official Unsecured Creditors Committee ("Committee"); (3) Joseph P. Stetson ("Stetson") a principal shareholder of Debtor (who had purchased his stock in the Debtor from the McLean) who was also the debtor in a pending chapter 13 case; (4) Medley Larkin ("Larkin") who was asserting a security interest in some of the Debtor's wine inventory; and (5) Professional Chefs, Inc. ("Chefs"), which also claimed some interest in some of the wine inventory of Debtor.

Generally speaking the disputes revolved around the existence and priorities of asserted security interests in Debtor's extensive wine inventory as well as an adversary proceeding seeking to avoid the Debtor's (secured by Debtor's assets) guaranty of Stetson's purchase money obligations to the McLean. The indicated parties entered into a Settlement Agreement, the terms of which were approved by this Court and embodied in a Settlement Order dated June 4, 2007 (the said Agreement and Order being together referred to as the "Settlement Order"), which essentially provided for

1

surrender and liquidation of a disputed portion of the wine inventory and a division of its sale proceeds; such to occur, however, after the pending consummation of a court approved sale of the Debtor's business to a third party purchaser, including its wine inventory (other than the disputed wine inventory). The Settlement Order also provided that if the pending sale failed to close, the McLean could move to have the sale agreement declared null and void, following which both the disputed wine inventory and the Debtor's remaining wine inventory would be sold and the proceeds distributed in the manner prescribed by the Settlement Order with reference to the disputed wine inventory. The Settlement Order also provided for (1) a determination of the amount of the McLean' secured claim; (2) dismissal of the adversary proceeding to avoid the guaranty by Debtor of the Stetson obligation to the McLean; (3) withdrawal of any objections to the McLean claim and to the fee application of the attorney for the Committee; (4) general releases between and among all parties as to any claims arising from or related to matters referenced in the Settlement Order; and (5) a provision relating to the "Effectiveness of Settlement Agreement."

When the sale agreement to the third-party purchaser was entered into, and pending its closing and state approvals of the transfer of the liquor licenses, that purchaser was given possession of the business under a management agreement requiring it to maintain the inventory, etc. The sale to that purchaser was not consummated. The McLean then moved to terminate the sale agreement. Thereafter (and after the entry of the Settlement Order), the parties stipulated to entry of an order terminating the sale agreement following which the case was converted to a chapter 7 proceeding.

The chapter 7 Trustee was authorized to continue the business and liquidate its assets which she is in the process of doing. Further disputes arose between the McLean and Larkin and the Trustee over entitlement to the proceeds of the Trustee's wine inventory liquidation efforts. Those

2

disputes were settled by an order dated June 4, 2007.

The Trustee also commenced an adversary proceeding against the purchaser under the terminated sales agreement, and specifically under the management agreement incident thereto, claiming violations of that management agreement. The purchaser has counterclaimed and that proceeding is scheduled for trial in November 2007. Recently the Trustee also commenced an adversary proceeding against Stetson and his father essentially claiming that a certain vehicle was purchased with Debtor's funds but, was registered in the name of Stetson, and used by his father, and, asking that they turn over to the Trustee the vehicle or its value as well as amounts Stetson caused the Debtor to pay from time to time for purchase of the vehicle. Defendants have moved to dismiss that complaint, asserting primarily as grounds therefore, the referred to release provisions in the Settlement Order.

The Motion before the Court is the Trustee's Motion to set aside the Settlement Order. It is brought under F.R.Bankr.P. 9024 incorporating Fed.R.Civ.P. 60(b) and in particular under subsections (4) and (6) of that rule which allow for relief from an order on grounds that (1) it is void; or (2) for reasons justifying relief from its operation. The Motion is supported by the McLean and opposed by Stetson.

As noted, there is a paragraph in the Settlement Order, par. 11, which deals with its effectiveness, reciting certain conditions under which it would and would not be or become effective or enforceable. The Settlement Order also contemplated and provided for what would happen if the sale of Debtor's business would not close - something that came to pass and was eventually dealt with by the Trustee through a later settlement and order of this Court, as above noted.

With some exceptions, not present here, a trustee in a converted chapter 11 case must take

3

06-50873-wsd    Doc 402    Filed 09/26/07    Entered 09/26/07 17:52:35    Page 3 of 6

the case as the trustee finds it, including the facts of and, the consequent pluses and minuses, of any actions taken during the preceding chapter 11 phase of its administration. That would be particularly true of settlement agreements, which in essence involve Court ratification of an agreement between contending parties.

The Trustee alleges no grounds or facts as would render the Settlement Order "void" in the normal sense of that term i.e.: having no legal effect, or possessed of no binding force. That some of its terms have been changed by subsequent events or agreements or proceedings designed to dispose of issues that may have arisen after, and as a result or consequence of the Settlement Order, does not provide grounds for voiding an agreement which was otherwise perfectly valid and properly approved at the time of its entry. Generally speaking, neither the breach of an argument by a party nor the failure of a condition to its consummation, particularly failures the occurrence of which were contemplated and dealt with by the very terms of the agreement itself, renders an agreement (and consequently an order authorizing and approving that agreement) "void." The breach or failure of a condition may very well present a case for damages. That is something quite different than "voiding" the agreement. This case presents no basis for departing from that general concept.

It may very well be that parts of the Settlement Order and the agreement it embodies, did not become effective by reason of some interpretation of specific terms and conditions contained therein. That, however, is to be determined, not in the context of the pending 60 (b) motion but rather in the context of some proceeding in which that specific portion of that agreement is relevant or the vitality of which is raised in connection with disposition of some specific issue in that proceeding. Furthermore, maybe only parts of an agreement by its terms are or became effective and others did not. The potential and not fully predictable ramifications of declaring an agreement wholly "void"

4

and doing so generally and prematurely and not in the context of any specific dispute about specific provisions of that agreement being asserted as a claim or defense, are to be avoided. The Trustee is making a claim against Stetson and Stetson is asserting as a defense the indicated release language in the Settlement Order. If it is concluded in that adversary proceeding that the release language would otherwise cover the matter in question, that is the time, and the context, in which to decide if the release language is assertable as a defense. If, as the Court here views it, the issues are really ones of interpretation, meaning and ramifications of the Settlement Order, 60(b) is not a rule designed to, or properly invoked, to deal with such. A court order approving a Settlement Agreement that arguably may, by virtue of subsequent events never came into effect <u>by reason of its very terms</u>, is thereby neither "void" nor affords a basis justifying 60(b) relief. Indeed no relief or declaration of "voidness" from an order or agreement is needed if by its own terms, in whole or in part it was no longer enforceable because of contemplated and later events.

Generally, "[w]hen significant changes in factual conditions make a consent judgment unworkable, make compliance substantially more onerous, or make enforcement detrimental to the public interest, a court has the discretion to modify the judgment." <u>Cooper v. Noble</u>, 33 F.3d 540, 544 (5th Cir. 1994), citing <u>Rufo v. Inmates of the Suffolk County Jail</u>, 116 L. E.D.M. 2d 867, 112 S. Ct. 748 (1992). However, when there are solely changes in the factual circumstances, there is no indication that such equated to sufficient grounds from a relief from judgment. <u>Id</u>. Specifically, "modification should not be granted where a party relied upon events that actually were anticipated at the time it entered into a decree." <u>Vanguards of Cleveland v. City of Cleveland</u>, 23 F.3d 1013 (6th Cir. 1994), citing <u>Rufo</u> at 760. The indicated authorities opine that to make 60(b) applicable here there need to be either (1) significant changes in factual conditions that make the judgment

5

unworkable or make compliance more onerous, or make the enforcement detrimental to the public interest, or (2) relevant significant changes in the law.  In this case, there are no changes in fact that were not contemplated either by, or were consequences of the terms of the agreement itself, or, in whole or in part the subject of subsequent further related agreements and/or settlements.  Here we are not really dealing with a "compliance" issue, let alone an onerous one, and the public interest is not involved.   Nor are there any asserted changes in the law involved.

Accordingly, the motion is DENIED.  An order is being entered contemporaneously.

**Signed on September 26, 2007**

                                            **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**